**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

ALBERT M. LAPOINTE,

                              Plaintiff,                1:16-CV-1441

        v.                                       (LEK/CFH)

DAVID ELLIS, Tax Payer Services Rep.,
also known as DAVID A. ELLIS; NEW
YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,

                          Defendants.

**APPEARANCES:**                    **OF COUNSEL:**

Albert M. LaPointe
21 Woodridge Street
Albany, New York 12203
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis Application

      The Clerk has sent to the Court a complaint, together with an application to

proceed in forma pauperis ("IFP"), filed by plaintiff pro se Albert M. LaPointe.  Dkt. Nos.

1 ("Compl."), 2.  After reviewing plaintiff's IFP Application, the Court finds that he may

properly proceed with this matter in forma pauperis.  See Dkt. No. 2

### II. Initial Review[1]

      Section 1915(e) of Title 28 of the United States Code directs that, when a

---

     [1] Any unpublished decisions cited within this Report-Recommendation and Order have been
provided to plaintiff pro se.

plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court

determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's

responsibility to determine that a plaintiff may properly maintain his complaint before

permitting him to proceed with his action.  In reviewing a pro se complaint, the court

must be mindful that the plaintiff's pleadings should be held to "less stringent standards

than formal pleadings drafted by lawyers."  Hughes v. Rowe, 449 U.S. 5, 9 (1980)

(internal quotation marks omitted); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

      To state a claim on which relief can be granted, a complaint must contain, inter

alia, "a short and plain statement of the claim showing that the pleader is entitled to

relief."  FED. R. CIV. P. 8(a)(2).  A complaint must plead "enough facts to state a claim to

relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570,

(2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not

suffice."  Id.  Further,

> [d]etermining whether a complaint states a plausible claim
> for relief ... requires the . . . court to draw on its judicial
> experience and common sense. . . . [W]here the
> well-pleaded facts do not permit the court to infer more than
> the mere possibility of misconduct, the complaint has
> alleged — but it has not 'show[n]' — that the pleader is
> entitled to relief.

Iqbal, 556 U.S. at 679 (internal citation omitted); FED. R. CIV. P. 8(a)(2).

Plaintiff seeks to bring this action pursuant to the Age Discrimination in
Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621, *et seq*. See Compl.
at 1. Plaintiff's submits his complaint on a form designed to assert age discrimination
claims in the employment context. See id. Plaintiff contends that defendants New York
State Department of Taxation and Finance and David A. Ellis discriminated against him
on the basis of his age. Id. at 2. Plaintiff, who is 69 years old, provides – by checking
off boxes on the form – that he was terminated and subjected to unequal terms and
conditions of employment. Id. Plaintiff attaches a right to sue letter from the Equal
Employment Opportunity Commission dated October 17, 2016 indicating that the EEOC
had no jurisdiction as the matter was "[u]ntimely filed over 300 days." Id. at 5.[2] Plaintiff
demands "reinstatement of lost wages resulting from discriminatory action at Dept. of
Taxation & Finance." Id. at 4.

Although plaintiff indicates that defendants subjected him to unequal terms and
conditions of his employment and terminated him due to his age, and he is of a
sufficient age to be protected by the ADEA, plaintiff sets forth no facts to support his
claims. See Compl. Plaintiff does not provide any facts by which the Court can assess
the merits of his claims or even determine *how* the defendants subjected him to

---

[2] "A plaintiff must file an administrative charge within 300 days of the alleged discriminatory act in
order to preserve his right to sue. See Davis v. Bombardier Transp. Holdings (USA) Inc., 794 F.3d 266,
268 (2d Cir. 2015) (citing 42 U.S.C. 2000e-5(e). However, the Supreme Court has unambiguously stated
that the 'filing of a timely charge of discrimination with the  EEOC is not a jurisdictional prerequisite to suit
in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and
equitable tolling.'" Morales v. NYS Dep't of Labor Div. of Employee Servs., No. 5:06-CV-0899 (NAM/GJD),
2007 WL 2874570, at *6 (N.D.N.Y. Sept. 27, 2007) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S.
385, 393 (1982)).

unequal terms/conditions of employment or provided details on his termination in order

for the Court to assess whether either defendant plausibly discriminated against him in

violation of the ADEA.  See id.[3]  Although "'an employment discrimination plaintiff need

not plead a prima face case of discrimination,' he or she must still give fair notice of the

basis of his or her discrimination claims and those claims must be facially plausible."

Hyde v. GKN Aerospace, No. 5:12-CV-0295 (NAM/DEP), 2012 WL 3043161, at *3

(N.D.N.Y. Apr. 27, 2012) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)

and citing Chang v. City of New York, No. 11 Civ. 7062 (PACP) (JLC), 2012 WL

1188427, at *3-4 (S.D.N.Y. Apr. 10, 2012)).  Plaintiff's complaint does not contain

sufficient facts to provide notice of the basis of his discrimination claims.  Under these

circumstances, it is recommended that plaintiff's complaint be dismissed.  However, it is

recommended that the dismissal be without prejudice to providing plaintiff leave to

amend in order to provide factual allegations that support a claim that defendants

discriminated against him in violation of the ADEA.  See FED. R. CIV. P. 15(a) ( "The

court should freely give leave when justice so requires."); Branum v. Clark, 927 F.2d

698, 704-05 (2d Cir. 1991).

Accordingly, as plaintiff's complaint lacks  facts to "state a claim to relief that is

plausible on its face," Twombly, 550 U.S. at 570, it is recommended that plaintiff's

complaint be dismissed without prejudice.

### III. Conclusion

---

[3] In the "facts" section, plaintiff provides only as follows: "per case 1018172 wrongful Termination Discrimination in Workplace testified in NYS Division Of Human Rights[.]"  Compl. at 3.

**WHEREFORE, it is hereby**

**ORDERED**, that plaintiff's motion to proceed in forma pauperis (Dkt. No. 2) is

**GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be dismissed without

prejudice and with leave to amend; and it is further

**RECOMMENDED**, that, should this Report-Recommendation and Order be

adopted by the District Judge, plaintiff be given thirty (30) days from the date of entry of

the District Court Judge's Order to submit an amended complaint; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-

Recommendation and Order on plaintiff in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court "within

fourteen (14) days after being served with a copy of the . . . recommendation."

N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO**

**THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**

Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15

(2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**IT IS SO ORDERED**.

Dated: December 13, 2016
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

5